*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THE JAZZ CLUB 2, LLC, and GEORGE
BRIKHO,

      Plaintiffs-Appellants,

v

DETROIT BOARD OF ZONING APPEALS,

      Defendant-Appellee.

UNPUBLISHED
January 9, 2020

No. 343872
Wayne Circuit Court
LC No. 17-015208-AA

Before: JANSEN, P.J., and BOONSTRA and LETICA, JJ.

JANSEN, P.J. (*concurring*).

I wholly concur with the majority's opinion in this matter. The trial court erroneously upheld the City of Detroit Board of Zoning Appeals' (BZA's) determination that plaintiffs, the Jazz Club 2, LLC (the Jazz Club) and George Brikho, are ineligible for a medical marijuana caregiver business license.

I write separately only to stress that the trial court read into the definition of an outdoor recreation facility a term that does not belong: greenway. As the majority correctly stated, Detroit Zoning Ordinance § 61-16-144 defines an "outdoor recreation facility" as:

> The use of land for the purpose of a golf course; skating rink (ice skating, roller skating, roller blading, skate boarding, and similar activities)[;] park[;] playfield[;] playground[;] parklot[;] parkway[;] playlot[;] swimming pool; and/or tennis court.

Under Detroit Zoning Ordinance § 61-3-355, drug-free zone is any area within a 1,000 radial feet of an outdoor recreation facility, as defined by Detroit Zoning Ordinance § 61-16-144, and as "identified in the City of Detroit 2017 Recreation Master Plan." Detroit Zoning Ordinance § 61-3-353(4). No where in the definition of an "outdoor recreation facility" found in Detroit Zoning Ordinance § 61-16-144 does the word "greenway" appear; likewise, a greenway is not identified in the City of Detroit's 2017 Parks and Recreation Improvement Plan (the Master Plan) as a recreation facility. Thus, it logically follows that a greenway does not qualify as a drug-free zone, and this should end the inquiry.

-1-

However, the trial court concluded that the BZA properly relied on the Master Plan to determine that Rouge Valley Parkway is a greenway, and part of an active park system. But what the trial court failed to appreciate is that the Master Plan actually designates "parks" and "greenways" as separate spaces, and moreover the Master Plan purposefully does not address "greenways, trails, and recreation centers maintained by other agencies, organizations, and business[es.]" Finally, the Master Plan, which identifies several, if not all, of the currently-existing parks in the City of Detroit, does not designate Rouge Valley Parkway as a park, an active park system, or a recreation facility.

In my view, the foregoing, on its own, should have precluded the trial court from affirming the BZA's determination that plaintiffs are ineligible to possess a medical marijuana caregiver business license, as they are not located in a drug-free zone.

/s/ Kathleen Jansen